UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN SPIEGEL,

       Plaintiff,

v.
                                   Case No. 25-cv-10900
                                   HON. MARK A. GOLDSMITH

OAKLAND COUNTY TREASURER,

       Defendant.

_____/

**OPINION & ORDER GRANTING DEFENDANT OAKLAND COUNTY TREASURER'S MOTION TO DISMISS (Dkt. 8)**

Plaintiff Steven Spiegel filed this lawsuit against Defendant Oakland County Treasurer alleging constitutional and equitable claims when the Treasurer retained the full tax foreclosure sale proceeds from Spiegel's property, including the excess above the tax debt. See Compl. (Dkt. 1). Before the Court is the Treasurer's motion to dismiss (Dkt. 8). For the reasons that follow, the Court grants the Treasurer's motion.[1]

## I.   BACKGROUND

Spiegel's complaint alleges the following facts. Spiegel owned real property located at 23777 Currie Rd., South Lyon, Michigan. Compl. ¶ 8. Spiegel's property was foreclosed in 2022 after he failed to pay his 2019 real property taxes totaling $19,538.60. Id. The Treasurer sold Spiegel's property for $185,750. Id.

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motion, the briefing includes Spiegel's response (Dkt. 11) and the Treasurer's reply (Dkt. 12).

Michigan law provides a mechanism for an owner of foreclosed property to seek the sale proceeds less the tax delinquency and certain allowed expenses and fees.  Id. ¶ 6 (citing Mich. Comp. Laws § 211.78t(2)).  However, Spiegel did not seek the remaining proceeds of the property in the allotted statutory timeframe.  Resp. at PageID.61.  Spiegel alleges the claim process constitutes a taking without just compensation in violation of the Takings Clause of the Fifth Amendment and under 42 U.S.C § 1983.  Compl. ¶ 23–35.  He also brings a claim for inverse condemnation and unjust enrichment under Michigan law.  Id. at ¶¶ 36–52.

## II.  ANALYSIS[2]

In its motion to dismiss, the Treasurer argues (i) that Spiegel's takings claim should be resolved under §1983, not under the Fifth Amendment; (ii) Spiegel's § 1983 claim is foreclosed by Sixth Circuit case Howard v. Macomb Cty., 133 F.4th 566 (6th Cir. 2025); (iii) district courts should abstain from deciding Michigan constitutional claims; and (iv) Spiegel's unjust enrichment claim fails because there is a statutorily prescribed remedy.  Mot. at PageID.37–39.

As explained below, the Court concludes that Spiegel's constitutional claims are not plausibly pled.  Because those federal claims are dismissed, the state-law claims are dismissed without prejudice.

### A.  Takings Claims Under the Fifth Amendment and 42 U.S.C. § 1983

Spiegel seeks a declaratory judgment that the State's retention of the surplus proceeds constitutes a taking of private property for public use without just compensation in violation of the

---

[2] To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  The plausibility standard requires courts to accept the alleged facts as true and to make all reasonable inferences in favor of the plaintiff.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Fifth Amendment (Count I) and seeks to recover the surplus proceeds obtained through the alleged taking under 42 U.S.C. § 1983 (Count II).  Compl. ¶¶ 15–35.

Spiegel's takings claim and associated relief are controlled by Howard in which the Sixth Circuit held that MCL § 211.78 is constitutional and that neither the State's retention of surplus proceeds nor the deduction of a five percent sales commission constitutes a taking.  133 F.4th at 573–574.

The facts in Howard are materially indistinguishable from those alleged here.  In Howard, the plaintiff's property was seized and sold to pay for delinquent property taxes, and the state retained the surplus proceeds because the plaintiff failed to avail herself of the statutorily prescribed procedures for claiming the surplus.  Id. at 568–569.  On appeal, the Sixth Circuit affirmed the district court's dismissal of Howard's claims under the Takings Clause.  Id. at 575.

**1.      Retention of Surplus Proceeds**

In Howard, the Sixth Circuit held that the State's retention of surplus proceeds did not constitute a taking because the statutory scheme provides a process for property owners to claim the surplus.  Id. at 570.  So long as the property owners are given notice of their right to the remaining proceeds and the procedures for obtaining the proceeds are "reasonable," a taking does not occur.  Id. at 571.

The court distinguished Michigan's statute from the Minnesota statute invalidated in Tyler v. Hennepin Cty., 598 U.S. 631 (2023), where the Supreme Court held that a state's retention of surplus proceeds violated the Takings Clause.  Howard, 133 F.4th at 570.  The "crucial" distinction, the court explained, was that in Tyler, the Minnesota provided no mechanism for owners to claim surplus, whereas Michigan's statutory scheme "invites them to do so."  Id. at 573.

3

Instead, the Sixth Circuit concluded that <u>Nelson v. City of New York</u>, 352 U.S. 103 (1956) controls.  <u>Howard</u>, 133 F.4th at 571–572.  In <u>Nelson</u>, the Supreme Court upheld New York City's procedure for tax foreclosure and surplus recovery, holding that the statutory process did not constitute a taking and did not violate due process.  The Court emphasized that the statute neither "absolutely preclude[d]" property owners from recovering surplus proceeds nor failed to provide adequate notice.  <u>Nelson</u>, 352 U.S. at 110.

The Sixth Circuit summarized <u>Nelson's</u> operative facts in <u>Howard</u>:

> New York City gave property owners, delinquent on their property taxes, up to seven weeks to pay the overdue taxes after the city filed for foreclosure as well as an additional twenty days to file an answer in the foreclosure proceeding. If the owners wanted any surplus from the upcoming sale, they had to make it known through a timely filed answer. With these procedures in place, the city foreclosed on several properties. The owners did not follow the requisite steps for requesting the surplus from the foreclosure sale. The city kept the surplus, prompting the owners to sue to get it back. No taking occurred, the Court reasoned, because the owners gave up their rights to the surplus by failing to follow the process for obtaining it.

<u>Howard</u>, 133 F.4th at 570 (punctuation modified).

Michigan's statutory framework mirrors New York City's process.  <u>Id.</u> at 571.  Before the foreclosure sale, the county must mail the property owner a "notice of their right to any remaining proceeds from the sale."  <u>Id.</u> (citing Mich. Comp. Laws § 211.78i(7)(i)) (punctuation modified).  Property owners have "nearly four months" to file a notice of intent to claim the remaining proceeds from the sale.  <u>Id.</u> (citing Mich. Comp. Laws § 211.78(t)(1)(a), (2)).  The county posts the form to be filled out and the steps to be taken to submit the form on their website.  <u>Id.</u>; Property Tax Foreclosure Surplus Claims, https://www.oakgov.com/government/oakland-county-treasurer-s-office/property-taxes/property-tax-foreclosure-surplus-claims (last visited 1/27/26).   "If the owner does not submit her intention to claim any surplus, the county may sell the property for the amount of the tax."  <u>Id.</u> at 572 (citing Mich. Comp. Laws § 211.78m(1)).  If the owner does submit

her intention to claim any surplus, the county has two options.  Id.  "It may (1) sell the property to itself or another county, city, or the state, for its fair market value, or (2) sell the property to the public through an auction."  Id. (citing Mich. Comp. Laws § 211.78m(1)–(2)).  Then, during the January following the sale, the county mails a notice to any owner claiming an interest in the surplus.  Id. (citing Mich. Comp. Laws § 211.78t(3)(i), (k)).  The notice contains the "amount of any remaining proceeds" and explains how the owner must "file a motion to claim the surplus in state court by the middle of May."  Id. (punctuation modified).  This form is also available on the county's website.  Id.  The state court then reviews the owners' motions and, if appliable, orders the county to pay the owners their surplus.  Id. (citing Mich. Comp. Laws § 211.78t(9)–(10)).

Spiegel has alleged no facts that materially distinguish the application of Michigan's statute in his case from the application upheld in Howard.  He also admits that he did not file a notice of intent to claim surplus proceeds.  Resp. at PageID.61.  Accordingly, his takings claim based on the retention of surplus proceeds fails as a matter of law.

### 2.	Five Percent Commission

Howard also held that the statutory framework's five percent sales commission does not constitute a taking because there was no evidence presented that such a fee gives the State "more than its due."  133 F.4th at 573.  States may impose reasonable fees to offset the costs of tax collection, including the sale of foreclosed property.  Id. at 574–575.  Here, as in Howard, Spiegel has failed to show that the commission was "anything more than a reasonable fee to compensate the county for this real estate work or to incentivize the county to sell the property at the highest price possible."  Id. at 574; Compl. ¶ 33.  As with his surplus-proceeds claim, Spiegel has alleged no facts that would warrant departure from Howard's controlling precedent.  Compl. ¶ 33. Accordingly, his takings claim based on the five percent commission also fails.

5

Because the Sixth Circuit has already upheld the constitutionality of MCL § 211.78, and Spiegel has alleged no materially new facts, Counts I and II are dismissed.

**B.  Procedural Due Process**

In his response to the State's motion to dismiss, Spiegel attempts to raise a procedural due process claim to MCL § 211.78.  Resp. at PageID.61.  Spiegel did not, however, plead a due process claim in his initial complaint.  Spiegel cannot amend his complaint through his response to a motion to dismiss.  See Bates v. Green Farms Condo. Ass'n, 958 F.3d 470, 483 (6th Cir. 2020) ("If plaintiffs believe that they need to supplement their complaint with additional facts to withstand a motion for judgment on the pleadings (or a motion to dismiss), they have a readily available tool: a motion to amend the complaint under Rule 15. []  Plaintiffs cannot, by contrast, amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint.").

Even if Spiegel had asserted a procedural due process claim, it would have failed.  Spiegel's sole support for his procedural due process claim is Felder v. Casey, 487 U.S. 131 (1988).  In Felder, the Supreme Court held that state-imposed notice-of-claim requirements cannot preclude plaintiffs from asserting federal constitutional claims under 42 U.S.C. § 1983 in state court.  Id. at 138.  The Wisconsin statute at issue required prospective plaintiffs to provide written notice within 120 days of an alleged injury before suing a state or local entity.  Id. at 136.  The Court concluded that the statute conflicted with federal law because it "burdens the exercise of the federal civil right" and "will frequently and predictably produce different outcomes in federal civil rights litigation based solely on whether that litigation takes place in state or federal court."  Id. at 141.  Accordingly, the Court held that "[p]rinciples of federalism, as well as the Supremacy Clause, dictate such a state law must give way to vindication of the federal right…."  Id. at 153.

Felder is distinguishable from this case.   In Felder, the state-imposed procedural requirement obstructed the plaintiff's ability to vindicate a completed constitutional violation.  487 U.S. at 134.  The plaintiff in Felder alleged that he had been beaten by police officers, and the challenged statute prevented him from pursuing compensation for that violation unless he satisfied a state-law notice requirement.  Id. at 134–135.  By contrast, Michigan's procedure for recovering surplus proceeds is part of the State's effort to prevent a constitutional violation from occurring in the first instance—namely, an uncompensated taking under the Fifth Amendment.  See Howard, 133 F.4th at 572 ("Michigan's procedures for collecting the surplus do not compensate the property owner for a taking.  They prevent a taking from happening in the first place.") (emphasis in original).  Unlike the statute in Felder, MCL § 211.78 does not "burden the exercise of a federal civil right," but rather establishes a mechanism for protecting it.  Moreover, MCL § 211.78 operates identically in both state and federal courts, thus avoiding the federalism concerns central to Felder.  Finally, Felder does not address procedural due process at all; its reasoning rests on federalism and the Supremacy Clause.  See Felder, 487 U.S. at 152.  The case offers no support for Spiegel's due process claim.[3]  And Spiegel provides no other authority or argument why a claim that is fatally flawed under a takings analysis would survive as a due process claim.

### C.  Claims Under the Michigan Law

In addition to his federal claims, Spiegel brings an inverse condemnation claim under the Michigan Constitution (Count III) and an equitable unjust enrichment claim under Michigan common law (Count IV).  Because the Court grants the State's motion to dismiss the federal claims,

---

[3] Spiegel also asks the Court to stay the case until two cases in the Western District of Michigan are resolved, Cutshaw v. Barry Cty., 24-cv-0329 and Fox v. Kent Cty, 24-cv-0324, in the interests of judicial economy.  Because Spiegel has not stated a claim for relief, the Court finds no basis for staying this case until the resolution of the Western District of Michigan cases.

the Court will use its discretion to decline to exercise supplemental jurisdiction over the remaining state-law claims by dismissing these claims without prejudice.  28 U.S.C. § 1367(c)(2).

### III.    CONCLUSION

For the reasons explained above, the Court grants the Treasurer's motion to dismiss (Dkt. 8).  Spiegel's federal claims are dismissed with prejudice, and his state-law claims are dismissed without prejudice.  This case is now closed.

**SO ORDERED.**

Dated: February 13, 2026                                          s/Mark A. Goldsmith
Detroit, Michigan                                                MARK A. GOLDSMITH
                                                                 United States District Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 13, 2026.

                                                                 s/Joseph Heacox
                                                                 JOSEPH HEACOX
                                                                 Case Manager